IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jerome Eugene Todd, | ) | |
| | ) | C/A No. 6:18-cv-01257-MBS-KFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| U.S. Department of Justice, | ) | |
| U.S. Marshal Service, | ) | |
| State of Washington, | ) | |
| Bob Ferguson, Attorney General Office, | ) | |
| Calvin Bouma, U.S. Federal Probation Officer, | ) | |
| Everett Police Department, | ) | |
| Kevin Fairchild, Detective, | ) | |
| Snohomish County Corrections Bureau, | ) | |
| County of Hampton, | ) | |
| Sheriff's Office, | ) | |
| Charles Peoples, Sgt, | ) | |
| Hector Joyner, Warden at FCI Estill, | ) | |
| Bureau of Prisons, | ) | |
| Federal Individual employees unknown and | ) | |
| named Defendants, | ) | |
| State of Florida, and | ) | |
| Pamela Bondi, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jerome Eugene Todd is a prisoner in custody of the Bureau of Prisons who currently is housed at the Federal Correctional Institution in Estill, South Carolina. Plaintiff brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), for the alleged violation of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

## BACKGROUND

On May 7, 2018, Plaintiff filed a complaint alleging that Defendants had violated his constitutional rights by investigating, arresting, and convicting him for violations of the Trafficking Victim's Protection Act ("TVPA"), 18 U.S.C. § 1591(a)(1), and for conspiracy to engage in sex trafficking in violation of 18 U.S.C. § 371. In an order dated May 14, 2018, the Magistrate Judge ordered Plaintiff to refile his complaint using the proper form. ECF No. 5. The Magistrate Judge advised Plaintiff that failure to bring the case into proper form within the time permitted by the order may result in the court dismissing the case for failure to prosecute and failure to comply with a court order. *Id.* at 1. The Magistrate Judge further ordered Plaintiff to either pay the $400 filing fee or submit an application to proceed without prepayment of fees (form AO 240) and a financial certificate. *Id.*

Plaintiff subsequently filed a motion to amend his complaint and a motion for extension of time to bring his case into proper form. ECF Nos. 11, 12. The Magistrate Judge granted the motions and ordered Plaintiff to file an amended complaint in proper form on or before July 2, 2018. ECF No. 16. The Magistrate Judge also advised Plaintiff, again, to either pay the filing fee or submit the appropriate form to proceed without prepayment of fees. *Id.* Plaintiff failed to file an amended complaint as ordered, and, instead, on July 6, 2018, filed a motion to stay the case. ECF No. 19. The motion to stay asked the court to stay the matter for an unspecified period of time to permit then-Attorney General Jeff Sessions to intervene. *Id.* at 4. The Magistrate Judge denied the motion to stay as meritless. ECF No. 24. The docket reflects that Plaintiff neither paid his filing fees nor filed the appropriate form to proceed without prepayment.

On July 10, 2018, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal of the complaint without prejudice.[1] ECF No. 26. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation. ECF No. 30-1 at 1.

On July 23, 2018, Plaintiff filed an objection to the Report and Recommendation, ECF No. 29, and a motion to amend his complaint, ECF No. 30. On July 27, 2018, Plaintiff filed a motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(c), ECF No. 34, and an "Emergency Motion for Joinder of Additional Parties Rule 19/20," ECF No. 35. With the motions to amend, Plaintiff seeks to assert claims under the Federal Tort Claims Act ("FTCA") and asks that the court toll, pursuant to equitable estoppel principles, claims he might seek to raise under the TVPA. Plaintiff asks to join the following: the "Clerk of the U.S. District Court"; the "United States Marshal officer"; and former Attorney General Jeff Sessions. ECF No. 35.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77

---

[1] The Magistrate Judge initially recommends dismissal with prejudice, ECF No. 26 at 2, but in conclusion recommends dismissal without prejudice, *id.* at 4. The court finds that dismissal without prejudice is appropriate here.

(4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Plaintiff does not indicate in his objection or in the motions pending before the court that the Magistrate Judge erred in any way with the Report and Recommendation. Accordingly, the court reviews the Report and Recommendation for clear error. *Diamond*, 416 F.3d at 315; Fed. R. Civ. P. 72(b). The court has thoroughly reviewed the record and, for the reasons discussed below, concurs in the recommendation of the Magistrate Judge.

## DISCUSSION

The Magistrate Judge recommends summary dismissal of the complaint on the basis that the relief Plaintiff seeks implies the unlawfulness of the sentence Plaintiff is currently serving.[2] On September 29, 2008, the District Court for the Western District of Washington sentenced Plaintiff to five years' imprisonment for conspiracy to violate the TVPA; to twenty-six years to run concurrently on three TVPA counts; and to ten years on a count of transporting a prostitute in interstate commerce. *See U.S. v. Todd*, 627 F.3d 329 (9th Cir. 2010). The Ninth Circuit Court of Appeals affirmed the judgment of conviction and sentence. *Id.* Plaintiff subsequently sought and was denied post-conviction relief and relief under the habeas corpus statute 28 U.S.C. § 2241. *Todd v. U.S.*, Nos. C11–0470–JLR–MAT, CR–07–395–JLR, 2012 WL 2952067 (W.D. Wash. Jul 19, 2012); *Todd v. English*, 5:16-cv-00151-MP-CAS, 2016 WL 6090944 (N.D. Fla. Oct. 18, 2016).

Plaintiff appears to claim that his incarceration amounts to a conspiratorial kidnapping, false imprisonment, and malicious prosecution. He seeks monetary damages and immediate

---

[2] Although the Magistrate Judge notes Plaintiff's failure to comply with the order directing him to bring the complaint into proper form, he nonetheless addresses the claims asserted in the complaint.

release from custody. ECF No. 1 at 18. As the Magistrate Judge discussed, in *Heck v. Humphry*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court explained:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id. See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that *Heck* and related cases preclude a state prisoner's action, absent prior invalidation, no matter the type of relief sought); *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 n.30 (1982) (analogizing a *Bivens* claim to a claim brought against state officials under 42 U.S.C. § 1983). In reviewing the applicable case law along with the standard applicable to litigants who proceed pro se, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Magistrate Judge determined that the court should dismiss Plaintiff's claims because he has not asserted that his criminal conviction has been invalidated. ECF No. 26 at 3. The court agrees with this finding.[3] Additionally, the court notes that the pending motions to amend and for joinder do not assert that Plaintiff's criminal conviction has been invalidated and

---

[3] The court also notes that the complaint is subject to dismissal based on Plaintiff's failure to pay the $400 filing fee, as he has not applied to proceed pursuant to 28 U.S.C. § 1915.

do not otherwise contest the Report and Recommendation.[4] Accordingly, the court will dismiss the complaint and deny the motions to amend and for joinder.

## CONCLUSION

The court adopts the Report and Recommendation. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. The motion to amend, ECF No. 30, second motion to amend, ECF No. 34, and motion for joinder, ECF No. 35, are denied.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: December 19, 2018
Charleston, South Carolina

---

[4] Indeed, several courts have observed that as with section 1983 and *Bivens* actions, the FTCA is not an appropriate vehicle for challenging the validity of criminal judgments. *See Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995); *Echols v. Dwyer*, 914 F. Supp. 325, 327 (E.D. Mo. 1996); *see also Erlin v. United States,* 364 F.3d 1127, 1133 (9th Cir. 2004) (holding that "a civil action under the Federal Tort Claims Act for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody").